UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| VS. : | Docket No. 3:01CR174 (CFD) |
| BARRY W. HIMES : | June 8, 2005 |

UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR RETURN OF PROPERTY

The United States, through its undersigned attorney, hereby respectfully files its response to the "Defendant's Motion for Return of Property Pursuant to Rule 41(e)", filed February 18, 2005. In his motion, Defendant Himes seeks return of his passport and a mortgage deed executed by his surety (wife), Eileen Himes, to secure his appearance bond in this case. Defendant Himes relies upon Fed.R.Crim.P. 41(e), which concerns the issuance of a warrant. Defendant Himes' reliance on Fed.R.Crim.P. 41(e) is erroneous with respect to return of his passport. Rather, Fed.R.Crim.P. 41(g)(as opposed to subsection (e)), pertains to the return of property that was the subject of an unlawful search and seizure. The United States disputes any claim that an unlawful search and seizure occurred in this case; however the United States does not oppose the return of Defendant Himes' passport.

The Defendant also seeks the return of a mortgage deed for real property located at 81 Seaside Avenue, Guilford, Connecticut. Defendant Himes' surety and wife, Eileen Himes, voluntarily executed a mortgage deed for the Seaside Avenue property in order to secure an appearance bond approved by this Court. It is believed that the original, executed mortgage deed, along with all other supporting appearance bond documentation is currently held by the Clerk of Court. The United States typically requires defense counsel to seek exoneration of the appearance bond, and return of the bond package materials from the Clerk of Court once the

terms and conditions of the appearance bond have been fully satisfied. It does not appear that the Defendant, or his counsel have sought exoneration of the appearance bond pursuant to Fed.R.Crim.P. 46(g). If filed, the United States would not oppose the granting of a motion for exoneration of the bond, based upon Fed.R.Cri.P. 46(g).

On the other hand, the United States *does* oppose the granting of the Defendant's motion for return of the mortgage deed based upon Fed.R.Crim.P. 41(e) or (g). Defendant Himes' reliance on the criminal rule relating to warrants simply has nothing to do with Eileen Himes' voluntarily execution of the mortgage deed as part of the appearance bond process. Moreover, even if the original, executed deed is returned to Defendant Himes, the fact remains that the mortgage deed was recorded (and remains recorded) on the Guilford Land Records. Since Defendant Himes has satisfied all the terms and conditions of his appearance bond, the United States has executed a Release of Mortgage Deed that it has sent to Defendant Himes. See attached copy. Assuming the Release is recorded on the Guilford Land Records, the United States' interest in the Seaside Avenue property by virtue of the mortgage deed will be extinguished.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

CHRISTINE SCIARRINO
ASSISTANT U.S. ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3780/ Fax: (203) 773-5392
FEDERAL BAR NO. CT3393
Email: Christine.Sciarrino@usdoj.gov

CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 8th day of June, 2005, to:

Ethan Levin-Epstein, Esq.
Garrison, Levin-Epstein, Chimes & Richardson
405 Orange Street
New Haven, CT   06511-6489

Barry W. Himes
Reg. No. 14309-014
Federal Medical Center Devens
P.O. Box 879
Ayers, MA   01432

_____
CHRISTINE SCIARRINO

